UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

NAOMI RIEVES,

An Individual

     Plaintiff,

v.

WAYNE HALFWAY HOUSE, INC.
a Foreign Profit Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Naomi Rieves, ("Ms. Rieves" or "Plaintiff") files this Complaint against Defendant, WAYNE HALFWAY HOUSE, INC. ("WHH" or "Defendant"), and states as follows:

## INTRODUCTION

1.  Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3.      At all times relevant hereto, Plaintiff was an employee of Defendant.

4.      Plaintiff worked for Defendant in Hillsborough County, Florida, and this venue is therefore proper.

5.      Defendant is a Foreign Profit Corporation that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

6.      Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant.

7.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability," and her request for reasonable accommodation.

8.      Defendant was at all times an "employer" as envisioned by the ADA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

9.      On or around March 6, 2026, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10.    On or around March 20, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

11.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

12.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

13.    Ms. Rieves worked for WHH as a YSO 3 at WHH's Tampa Bay Girls Academy in Florida from December 30, 2024, until her unlawful and retaliatory termination on June 16, 2025.

14.    Unfortunately, in early June of 2025, Ms. Rieves suffered serious flareups of disabilities from which she was suffering, specifically transaminitis, acute kidney injury, and hepatic steatosis.

15.    On June 12, 2025, Ms. Rieves disclosed to her WHH Supervisors that she was suffering from these flareups.

16.    On June 13, 2025, Ms. Rieves's symptoms were so severe that she was unable to communicate at all.

17.    On June 14, 2025, Ms. Rieves was admitted to the hospital in order to treat and address her disabilities.

18.    Ms. Rieves exchanged messages with co-workers and Supervisors, including Tanya, Mr. Smith, and Mr. Stevens, letting them know that she was in the hospital to treat and address her disabilities.

19.    Ms. Rieves also requested the reasonable, non-burdensome accommodation of a brief period of leave in order to be treated in the hospital for her serious flareups of her disabilities.

20.    Nevertheless, on June 16, 2025, WHH informed Ms. Rieves that it had decided to terminate her employment, effective immediately, alleging falsely that Ms. Rieves had been a "no call, no show" the last few days.

21.    In fact, however, although Ms. Rieves had been unable to get to a phone for a brief period of time during her hospitalization to treat and address her disabilities, she had then effectively and undeniably informed WHH that she was in the hospital receiving treatment for the flareups of her disabilities.

22.    WHH refused to accept notes from Ms. Rieves' treating medical professionals, electing instead to terminate Ms. Rieves' employment.

23.    WHH never offered any cogent explanation for taking this extreme adverse employment action against Ms. Rieves.

4

24.    It is clear that WHH discriminated against Ms. Rieves based on disability and terminated Ms. Rieves' employment in retaliation for her requiring and requesting reasonable, non-burdensome accommodation to treat and address her disabilities.

25.    Any other reason theorized by WHH is mere pretext.

26.    Plaintiff is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of her job.

27.    Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA.

28.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

29.    The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA, and her termination sufficiently clear.

30.    The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA.

31.    Defendant was aware of Plaintiff's ADA-protected disability and need for accommodation.

32.    Defendant did not have a good faith basis for its actions.

33.   Defendant did not have a legitimate, non-retaliatory reason, for its actions.

34.   As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

35.   Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FAILURE TO ACCOMMODATE DISABILITY DISCRIMINATION
## IN VIOLATION OF THE ADA

36.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 36 above.

37.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

38.   The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability and request for accommodation.

39.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

41.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

42.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER THE ADA BASED ON
## REQUEST FOR REASONABLE ACCOMMODATION

58.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 36, above.

59.      Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

60.     Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

61.     Plaintiff was terminated as a direct result of her request for reasonable accommodation.

62.     Plaintiff's protected activity, and her termination, are causally related.

63.     Defendant's stated reasons for Plaintiff's termination are a pretext.

64.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back

8

pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 17th day of June 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*

**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.


*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.